**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

PARALLEL NETWORKS, LLC,

    Plaintiff,

    v.

ADIDAS AMERICA, INC.; ADIDAS
INTERACTIVE, INC.; AEROPOSTALE,
INC.; AMERICAN GIRL, LLC; AMERICAN
SUZUKI MOTOR CORPORATION;
ANDERSEN CORPORATION; ANDERSEN
WINDOWS, INC.; ASICS AMERICA
CORPORATION; AT&T INC.; BBY
SOLUTIONS, INC.;
BERGDORFGOODMAN.COM, LLC;
BESTBUY.COM, LLC;
BLOOMINGDALE'S, INC.; BRIGGS &
STRATTON CORPORATION; BRIGGS &
STRATTON POWER PRODUCTS GROUP,
LLC; BRUNSWICK BILLIARDS, INC.;
BRUNSWICK CORPORATION; CHICO'S
RETAIL SERVICES, INC.; CITIZEN
WATCH COMPANY OF AMERICA, INC.;
DILLARD'S, INC.; EASTMAN KODAK
COMPANY; GENERAL MOTORS LLC;
THE GILLETTE COMPANY; THE
GOODYEAR TIRE & RUBBER
COMPANY; H-D MICHIGAN, INC.;
HARLEY-DAVIDSON, INC.; HASBRO,
INC.; HAYNEEDLE, INC.; HERMAN
MILLER, INC.; HSN INTERACTIVE LLC;
HSN LP; THE J. JILL GROUP, INC.; JILL
ACQUISITION LLC; JONES
INVESTMENT COMPANY, INC.; JONES
RETAIL CORPORATION; KODAK
IMAGING NETWORK, INC.; KOHL'S
DEPARTMENT STORES, INC.; LG
ELECTRONICS USA, INC.; MACY'S
WEST STORES, INC.; MACYS.COM, INC.;
MATTEL, INC.; MITSUBISHI MOTOR
SALES OF AMERICA, INC.; MITSUBISHI
MOTORS NORTH AMERICA, INC.;
MOTOROLA, INC.; MOTOROLA

**Civil Action No. 6:10-cv-491**

**PATENT CASE**

**JURY TRIAL DEMANDED**

TRADEMARK HOLDINGS, LLC;
NAUTICA APPAREL, INC.; NAUTICA
RETAIL USA, INC.; NAVISTAR, INC.;
NEW BALANCE ATHLETIC SHOE, INC.;
NISSAN NORTH AMERICA, INC.; PRL
USA HOLDINGS, INC.; THE PROCTER &
GAMBLE COMPANY; RALPH LAUREN
MEDIA LLC; RUSSELL BRANDS, LLC;
SUBARU OF AMERICA, INC.; SUNGLASS
HUT TRADING, LLC; VICTORIA'S
SECRET; WOLVERINE WORLD WIDE,
INC.; and WOMEN'S APPAREL GROUP,
LLC d/b/a BOSTON APPAREL GROUP,
LLC

       Defendants.

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Parallel Networks, LLC files this Original Complaint for Patent Infringement against ADIDAS AMERICA, INC.; ADIDAS INTERACTIVE, INC.; AMERICAN GIRL, LLC; AEROPOSTALE, INC.; AMERICAN SUZUKI MOTOR CORPORATION; ANDERSEN CORPORATION; ANDERSEN WINDOWS, INC.; ASICS AMERICA CORPORATION; AT&T INC.; BBY SOLUTIONS, INC.; BERGDORFGOODMAN.COM, LLC; BESTBUY.COM, LLC; BLOOMINGDALE'S, INC.; BRIGGS & STRATTON CORPORATION; BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC; BRUNSWICK BILLIARDS, INC.; BRUNSWICK CORPORATION; CHICO'S RETAIL SERVICES, INC.; CITIZEN WATCH COMPANY OF AMERICA, INC.; DILLARD'S, INC.; EASTMAN KODAK COMPANY; GENERAL MOTORS LLC; THE GILLETTE COMPANY; THE GOODYEAR TIRE & RUBBER COMPANY; H-D MICHIGAN, INC.; HARLEY-DAVIDSON, INC.; HASBRO, INC.; HAYNEEDLE, INC.; HERMAN MILLER, INC.; HSN INTERACTIVE LLC; HSN LP; THE J. JILL GROUP, INC.; JILL ACQUISITION LLC;

JONES INVESTMENT COMPANY, INC.; JONES RETAIL CORPORATION; KODAK IMAGING NETWORK, INC.; KOHL'S DEPARTMENT STORES, INC.; LG ELECTRONICS USA, INC.; MACY'S WEST STORES, INC.; MACYS.COM, INC.; MATTEL, INC.; MITSUBISHI MOTOR SALES OF AMERICA, INC.; MITSUBISHI MOTORS NORTH AMERICA, INC.; MOTOROLA, INC.; MOTOROLA TRADEMARK HOLDINGS, LLC; NAUTICA APPAREL, INC.; NAUTICA RETAIL USA, INC.; NAVISTAR, INC.; NEW BALANCE ATHLETIC SHOE, INC.; NISSAN NORTH AMERICA, INC.; PRL USA HOLDINGS, INC.; THE PROCTER & GAMBLE COMPANY; RALPH LAUREN MEDIA LLC; RUSSELL BRANDS, LLC; SUBARU OF AMERICA, INC.; SUNGLASS HUT TRADING, LLC; VICTORIA'S SECRET; WOLVERINE WORLD WIDE, INC.; and WOMEN'S APPAREL GROUP, LLC d/b/a BOSTON APPAREL GROUP, LLC (collectively "Defendants").

## THE PARTIES

1.      Parallel Networks LLC ("Parallel Networks" or "Plaintiff") is a Texas Limited Liability Company with its place of business at 100 E. Ferguson Street, Suite 602, in Tyler, Texas.

2.      On information and belief, Defendant ADIDAS AMERICA, INC., is a corporation with a place of business in Portland, Oregon.

3.      On information and belief, Defendant ADIDAS INTERACTIVE, INC., is a corporation with a place of business in Portland, Oregon.

4.      On information and belief, Defendant AEROPOSTALE, INC., is a corporation with a place of business in New York, New York.

5.     On information and belief, Defendant AMERICAN GIRL, LLC, is a corporation with a place of business in Middleton, Wisconsin.

6.     On information and belief, Defendant AMERICAN SUZUKI MOTOR CORPORATION is a corporation with a place of business in Brea, California.

7.     On information and belief, Defendant ANDERSEN CORPORATION is a corporation with a place of business in Bayport, Minnesota.

8.     On information and belief, Defendant ANDERSEN WINDOWS, INC., is a corporation with a place of business in Bayport, Minnesota.

9.     On information and belief, Defendant ASICS AMERICA CORPORATION is a corporation with a place of business in Irvine, California.

10.     On information and belief, Defendant AT&T INC., is a corporation with a place of business in Dallas, Texas.

11.     On information and belief, Defendant BBY SOLUTIONS, INC., is a corporation with a place of business in Richfield, Minnesota.

12.     On information and belief, Defendant BERGDORFGOODMAN.COM, LLC, is a corporation with a place of business in Dallas, Texas.

13.     On information and belief, Defendant BESTBUY.COM, LLC, is a corporation with a place of business in Richfield, Minnesota.

14.     On information and belief, Defendant BLOOMINGDALE'S, INC., is a corporation with a place of business in New York, New York.

15.     On information and belief, Defendant BRIGGS & STRATTON CORPORATION is a corporation with a place of business in Wauwatosa, Wisconsin.

16.     On information and belief, Defendant BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC, is a corporation with a place of business in Jefferson, Wisconsin.

17.     On information and belief, Defendant BRUNSWICK BILLIARDS, INC., is a corporation with a place of business in Bristol, Wisconsin.

18.     On information and belief, Defendant BRUNSWICK CORPORATION is a corporation with a place of business in Lake Forest, Illinois.

19.     On information and belief, Defendant CATERPILLAR INC. is a corporation with a place of business in Peoria, Illinois.

20.     On information and belief, Defendant CHICO'S RETAIL SERVICES, INC., is a corporation with a place of business in Fort Myers, Florida.

21.     On information and belief, Defendant CITIZEN WATCH COMPANY OF AMERICA, INC., is a corporation with a place of business in Torrance, California.

22.     On information and belief, Defendant DILLARD'S, INC., is a corporation with a place of business in Little Rock, Arkansas.

23.     On information and belief, Defendant EASTMAN KODAK COMPANY is a corporation with a place of business in Rochester, New York.

24.     On information and belief, Defendant GENERAL MOTORS LLC is a corporation with a place of business in Detroit, Michigan.

25.     On information and belief, Defendant THE GILLETTE COMPANY is a corporation with a place of business in Boston, Massachusetts.

26.     On information and belief, Defendant THE GOODYEAR TIRE & RUBBER COMPANY is a corporation with a place of business in Akron, Ohio.

27.     On information and belief, Defendant H-D MICHIGAN, INC., is a corporation with a place of business in Ann Arbor, Michigan.

28.     On information and belief, Defendant HARLEY-DAVIDSON, INC., is a corporation with a place of business in Milwaukee, Wisconsin.

29.     On information and belief, Defendant HASBRO, INC., is a corporation with a place of business in Pawtucket, Rhode Island.

30.     On information and belief, Defendant HAYNEEDLE, INC., is a corporation with a place of business in Omaha, Nebraska.

31.     On information and belief, Defendant HERMAN MILLER, INC., is a corporation with a place of business in Zeeland, Michigan.

32.     On information and belief, Defendant HSN INTERACTIVE LLC is a corporation with a place of business in St. Petersburg, Florida.

33.     On information and belief, Defendant HSN LP is a corporation with a place of business in St. Petersburg, Florida.

34.     On information and belief, Defendant THE J. JILL GROUP, INC., is a corporation with a place of business in Tilton, New Hampshire.

35.     On information and belief, Defendant JILL ACQUISITION LLC is a corporation with a place of business in Tilton, New Hampshire.

36.     On information and belief, Defendant JONES INVESTMENT COMPANY, INC., is a corporation with a place of business in Wilmington, Delaware.

37.     On information and belief, Defendant JONES RETAIL CORPORATION is a corporation with a place of business in Bristol, Pennsylvania.

38.     On information and belief, Defendant KODAK IMAGING NETWORK, INC., is a corporation with a place of business in Emeryville, California.

39.     On information and belief, Defendant KOHL'S DEPARTMENT STORES, INC., is a corporation with a place of business in Menomonee Falls, Wisconsin.

40.     On information and belief, Defendant LG ELECTRONICS USA, INC., is a corporation with a place of business in Englewood Cliffs, New Jersey.

41.     On information and belief, Defendant MACY'S WEST STORES, INC., is a corporation with a place of business in Cincinnati, Ohio.

42.     On information and belief, Defendant MACYS.COM, INC., is a corporation with a place of business in San Francisco, California.

43.     On information and belief, Defendant MATTEL, INC., is a corporation with a place of business in El Segundo, California.

44.     On information and belief, Defendant MITSUBISHI MOTOR SALES OF AMERICA, INC., is a corporation with a place of business in Cypress, California.

45.     On information and belief, Defendant MITSUBISHI MOTORS NORTH AMERICA, INC., is a corporation with a place of business in Cypress, California.

46.     On information and belief, Defendant MOTOROLA, INC., is a corporation with a place of business in Schaumburg, Illinois.

47.     On information and belief, Defendant MOTOROLA TRADEMARK HOLDINGS, LLC, is a corporation with a place of business in Libertyville, Illinois.

48.     On information and belief, Defendant NAUTICA APPAREL, INC., is a corporation with a place of business in New York, New York.

49.     On information and belief, Defendant NAUTICA RETAIL USA, INC., is a corporation with a place of business in New York, New York.

50.     On information and belief, Defendant NAVISTAR, INC., is a corporation with a place of business in Warrenville, Illinois.

51.     On information and belief, Defendant NEW BALANCE ATHLETIC SHOE, INC., is a corporation with a place of business in Boston, Massachusetts.

52.     On information and belief, Defendant NISSAN NORTH AMERICA, INC., is a corporation with a place of business in Franklin, Tennessee.

53.     On information and belief, Defendant PRL USA HOLDINGS, INC., is a corporation with a place of business in Wilmington, Delaware.

54.     On information and belief, Defendant THE PROCTER & GAMBLE COMPANY is a corporation with a place of business in Cincinnati, Ohio.

55.     On information and belief, Defendant RALPH LAUREN MEDIA LLC is a corporation with a place of business in New York, New York.

56.     On information and belief, Defendant RUSSELL BRANDS, LLC, is a corporation with a place of business in Bowling Green, Kentucky.

57.     On information and belief, Defendant SUBARU OF AMERICA, INC., is a corporation with a place of business in Cherry Hill, New Jersey.

58.     On information and belief, Defendant SUNGLASS HUT TRADING, LLC, is a corporation with a place of business in Mason, Ohio.

59.     On information and belief, Defendant VICTORIA'S SECRET is a corporation with a place of business in Columbus, Ohio.

60.     On information and belief, Defendant WOLVERINE WORLD WIDE, INC., is a corporation with a place of business in Rockford, Michigan.

61.     On information and belief, Defendant WOMEN'S APPAREL GROUP, LLC d/b/a BOSTON APPAREL GROUP, LLC ("WOMEN'S APPAREL GROUP, LLC"), is a corporation with a place of business in West Bridgewater, Massachusetts.

## JURISDICTION AND VENUE

62.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein.  Without limitation, on information and belief, within this state the Defendants have made and used the patented invention and have induced and contributed to that infringement with the systems identified herein below.  In addition, on information and belief, Defendants have derived substantial revenues from their infringing acts.  Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Texas.  Further, on information and belief, Defendants are subject to the Court's personal jurisdiction at least due to their interactive websites accessible from Texas.

63.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).  On information and belief, from and within this Judicial District each Defendant has committed at least a portion of the infringements at issue in this case.  Without limitation, on information

and belief, within this district the Defendants have engaged in, contributed to, and induced the infringing acts identified in this Complaint.  In addition, on information and belief, Defendants have derived substantial revenues from their infringing acts and are subject to personal jurisdiction in this District for at least the reasons identified above with respect to personal jurisdiction within the State of Texas.  Further, on information and belief, Defendants are subject to the Court's personal jurisdiction in this District at least due to their interactive websites accessible from this District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,446,111

64.     United States Patent No. 6,446,111 ("the '111 patent") entitled "Method and Apparatus for Client-Server Communication Using a Limited Capability Client Over a Low-Speed Communications Link" issued on September 3, 2002.

65.     Parallel Networks is the assignee of all right, title and interest in the '111 patent. Accordingly, Parallel Networks has standing to bring this lawsuit for infringement of the '111 patent.

66.     At least one claim of the '111 patent covers, inter alia, various systems and methods comprising a server coupled to a communications link that receives a request from a client device and collects data items as a function of the request; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with the applet operable to be transferred over the communications link to the client device.

67.     On information and belief, Defendant ADIDAS AMERICA, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.shopadidas.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

68.     On information and belief, since becoming aware of the '111 patent, ADIDAS AMERICA, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.shopadidas.com for use by ADIDAS AMERICA, INC.'s clients.  ADIDAS AMERICA, INC. is a direct and indirect infringer, and its clients using www.shopadidas.com are direct infringers.

69.     On information and belief, since becoming aware of the '111 patent ADIDAS AMERICA, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, ADIDAS AMERICA, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, ADIDAS AMERICA, INC. is and has been committing the act of

contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

70.     Defendant ADIDAS AMERICA, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

71.     On information and belief, Defendant ADIDAS INTERACTIVE, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.shopadidas.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

72.     On information and belief, since becoming aware of the '111 patent, ADIDAS INTERACTIVE, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.shopadidas.com for use by ADIDAS INTERACTIVE, INC.'s clients.  ADIDAS INTERACTIVE, INC. is a direct and indirect infringer, and its clients using www.shopadidas.com are direct infringers.

73.    On information and belief, since becoming aware of the '111 patent ADIDAS INTERACTIVE, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, ADIDAS INTERACTIVE, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, ADIDAS INTERACTIVE, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

74.    Defendant ADIDAS INTERACTIVE, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

75.    On information and belief, Defendant AEROPOSTALE, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.aeropostale.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

76.     On information and belief, since becoming aware of the '111 patent, AEROPOSTALE, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.aeropostale.com for use by AEROPOSTALE, INC.'s clients. AEROPOSTALE, INC. is a direct and indirect infringer, and its clients using www.aeropostale.com are direct infringers.

77.     On information and belief, since becoming aware of the '111 patent AEROPOSTALE, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use. On information and belief, AEROPOSTALE, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent. On information and belief, AEROPOSTALE, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

78.     Defendant AEROPOSTALE, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

79.     On information and belief, Defendant AMERICAN GIRL, LLC has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.americangirl.com, which comprises a server coupled to a communications link that

14

receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

80.     On information and belief, since becoming aware of the '111 patent, AMERICAN GIRL, LLC has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.americangirl.com for use by AMERICAN GIRL, LLC's clients.  AMERICAN GIRL, LLC is a direct and indirect infringer, and its clients using www.americangirl.com are direct infringers.

81.     On information and belief, since becoming aware of the '111 patent AMERICAN GIRL, LLC is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, AMERICAN GIRL, LLC knew or should have known that through its acts it was and is inducing infringement of the '111 patent.   On information and belief, AMERICAN GIRL, LLC is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

82.    Defendant AMERICAN GIRL, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

83.    On information and belief, Defendant AMERICAN SUZUKI MOTOR CORPORATION has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.suzukicycles.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

84.    On information and belief, since becoming aware of the '111 patent, AMERICAN SUZUKI MOTOR CORPORATION has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.suzukicycles.com for use by AMERICAN SUZUKI MOTOR CORPORATION's clients.  AMERICAN SUZUKI MOTOR CORPORATION is a direct and indirect infringer, and its clients using www.suzukicycles.com are direct infringers.

85.    On information and belief, since becoming aware of the '111 patent AMERICAN SUZUKI MOTOR CORPORATION is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, AMERICAN

SUZUKI MOTOR CORPORATION knew or should have known that through its acts it was and is inducing infringement of the '111 patent. On information and belief, AMERICAN SUZUKI MOTOR CORPORATION is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

86.     Defendant AMERICAN SUZUKI MOTOR CORPORATION is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

87.     On information and belief, Defendant ANDERSEN CORPORATION has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.andersenstormdoorsathomedepot.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

88.     On information and belief, since becoming aware of the '111 patent, ANDERSEN CORPORATION has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website

www.andersenstormdoorsathomedepot.com for use by ANDERSEN CORPORATION's clients. ANDERSEN CORPORATION is a direct and indirect infringer, and its clients using www.andersenstormdoorsathomedepot.com are direct infringers.

89.     On information and belief, since becoming aware of the '111 patent ANDERSEN CORPORATION is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, ANDERSEN CORPORATION knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, ANDERSEN CORPORATION is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

90.     Defendant ANDERSEN CORPORATION is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

91.     On information and belief, Defendant ANDERSEN WINDOWS, INC., has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.andersenstormdoorsathomedepot.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to

provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

92.     On information and belief, since becoming aware of the '111 patent, ANDERSEN WINDOWS, INC., has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.andersenstormdoorsathomedepot.com for use by ANDERSEN WINDOWS, INC.'s clients. ANDERSEN WINDOWS, INC., is a direct and indirect infringer, and its clients using www.andersenstormdoorsathomedepot.com are direct infringers.

93.     On information and belief, since becoming aware of the '111 patent ANDERSEN WINDOWS, INC., is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.   On information and belief, ANDERSEN WINDOWS, INC., knew or should have known that through its acts it was and is inducing infringement of the '111 patent. On information and belief, ANDERSEN WINDOWS, INC., is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

94.     Defendant ANDERSEN WINDOWS, INC., is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

95.     On information and belief, Defendant ASICS AMERICA CORPORATION has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial

19

district, and elsewhere in the United States, by actions comprising making and using its website at www.asicsamerica.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

96.     On information and belief, since becoming aware of the '111 patent, ASICS AMERICA CORPORATION has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.asicsamerica.com for use by ASICS AMERICA CORPORATION's clients. ASICS AMERICA CORPORATION is a direct and indirect infringer, and its clients using www.asicsamerica.com are direct infringers.

97.     On information and belief, since becoming aware of the '111 patent ASICS AMERICA CORPORATION is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.   On information and belief, ASICS AMERICA CORPORATION knew or should have known that through its acts it was and is inducing infringement of the '111 patent.   On information and belief, ASICS AMERICA CORPORATION is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention,

knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

98.     Defendant ASICS AMERICA CORPORATION is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

99.     On information and belief, Defendant AT&T INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.bellsouth.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

100.    On information and belief, since becoming aware of the '111 patent, AT&T INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.bellsouth.com for use by AT&T INC.'s clients.  AT&T INC. is a direct and indirect infringer, and its clients using www.bellsouth.com are direct infringers.

101.    On information and belief, since becoming aware of the '111 patent AT&T INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.

On information and belief, AT&T INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, AT&T INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

102.    Defendant AT&T INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

103.    On information and belief, Defendant BBY SOLUTIONS, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.bestbuy.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

104.    On information and belief, since becoming aware of the '111 patent, BBY SOLUTIONS, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website

www.bestbuy.com for use by BBY SOLUTIONS, INC.'s clients. BBY SOLUTIONS, INC. is a direct and indirect infringer, and its clients using www.bestbuy.com are direct infringers.

105. On information and belief, since becoming aware of the '111 patent BBY SOLUTIONS, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use. On information and belief, BBY SOLUTIONS, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent. On information and belief, BBY SOLUTIONS, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

106. Defendant BBY SOLUTIONS, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

107. On information and belief, Defendant BERGDORFGOODMAN.COM, LLC, has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.bergdorfgoodman.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of

operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

108.    On information and belief, since becoming aware of the '111 patent, BERGDORFGOODMAN.COM, LLC, has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.bergdorfgoodman.com for use by BERGDORFGOODMAN.COM, LLC's clients. BERGDORFGOODMAN.COM, LLC, is a direct and indirect infringer, and its clients using www.bergdorfgoodman.com are direct infringers.

109.    On information and belief, since becoming aware of the '111 patent BERGDORFGOODMAN.COM, LLC, is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.    On information and belief, BERGDORFGOODMAN.COM, LLC, knew or should have known that through its acts it was and is inducing infringement of the '111 patent.    On information and belief, BERGDORFGOODMAN.COM, LLC, is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

110.    Defendant BERGDORFGOODMAN.COM, LLC, is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

111.    On information and belief, Defendant BESTBUY.COM, LLC has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.bestbuy.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

112.    On information and belief, since becoming aware of the '111 patent, BESTBUY.COM, LLC has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.bestbuy.com for use by BESTBUY.COM, LLC's clients.  BESTBUY.COM, LLC is a direct and indirect infringer, and its clients using www.bestbuy.com are direct infringers.

113.    On information and belief, since becoming aware of the '111 patent BESTBUY.COM, LLC is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, BESTBUY.COM, LLC knew or should have known that through its acts it was and is inducing infringement of the '111 patent. On information and belief, BESTBUY.COM, LLC is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing

that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

114.   Defendant BESTBUY.COM, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

115.   On information and belief, Defendant BLOOMINGDALE'S, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.bloomingdales.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

116.   On information and belief, since becoming aware of the '111 patent, BLOOMINGDALE'S, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.bloomingdales.com for use by BLOOMINGDALE'S, INC.'s clients. BLOOMINGDALE'S, INC. is a direct and indirect infringer, and its clients using www.bloomingdales.com are direct infringers.

117.   On information and belief, since becoming aware of the '111 patent BLOOMINGDALE'S, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, BLOOMINGDALE'S, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent. On information and belief, BLOOMINGDALE'S, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

118.   Defendant BLOOMINGDALE'S, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

119.   On information and belief, Defendant BRIGGS & STRATTON CORPORATION has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.homegeneratorsystems.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

120.    On information and belief, since becoming aware of the '111 patent, BRIGGS & STRATTON CORPORATION has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website   www.homegeneratorsystems.com   for   use   by   BRIGGS   &   STRATTON CORPORATION's clients.  BRIGGS & STRATTON CORPORATION is a direct and indirect infringer, and its clients using www.homegeneratorsystems.com are direct infringers.

121.    On information and belief, since becoming aware of the '111 patent BRIGGS & STRATTON CORPORATION is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.   On information and belief, BRIGGS & STRATTON CORPORATION knew or should have known that through its acts it was and is inducing infringement of the '111 patent.   On information and belief, BRIGGS & STRATTON CORPORATION is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

122.    Defendant BRIGGS & STRATTON CORPORATION is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

123.    On information and belief, Defendant BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising

making and using its website at www.homegeneratorsystems.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

124.   On information and belief, since becoming aware of the '111 patent, BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.homegeneratorsystems.com for use by BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC's clients.  BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC is a direct and indirect infringer, and its clients using www.homegeneratorsystems.com are direct infringers.

125.   On information and belief, since becoming aware of the '111 patent BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC is and has been committing the act of contributory infringement by intending to provide the identified website to

its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

126.    Defendant BRIGGS & STRATTON POWER PRODUCTS GROUP, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

127.    On information and belief, Defendant BRUNSWICK BILLIARDS, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.brunswickbilliards.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

128.    On information and belief, since becoming aware of the '111 patent, BRUNSWICK BILLIARDS, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.brunswickbilliards.com for use by BRUNSWICK BILLIARDS, INC.'s clients. BRUNSWICK BILLIARDS, INC. is a direct and indirect infringer, and its clients using www.brunswickbilliards.com are direct infringers.

129.     On information and belief, since becoming aware of the '111 patent BRUNSWICK BILLIARDS, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, BRUNSWICK BILLIARDS, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.     On information and belief, BRUNSWICK BILLIARDS, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

130.     Defendant BRUNSWICK BILLIARDS, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

131.     On information and belief, Defendant BRUNSWICK CORPORATION has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.brunswickbilliards.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

132.   On information and belief, since becoming aware of the '111 patent, BRUNSWICK CORPORATION has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.brunswickbilliards.com for use by BRUNSWICK CORPORATION's clients. BRUNSWICK CORPORATION is a direct and indirect infringer, and its clients using www.brunswickbilliards.com are direct infringers.

133.   On information and belief, since becoming aware of the '111 patent BRUNSWICK CORPORATION is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, BRUNSWICK CORPORATION knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, BRUNSWICK CORPORATION is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

134.   Defendant BRUNSWICK CORPORATION is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

135.   On information and belief, Defendant CHICO'S RETAIL SERVICES, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.chicos.com, which comprises a server coupled to a communications link that receives a

request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

136.    On information and belief, since becoming aware of the '111 patent, CHICO'S RETAIL SERVICES, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.chicos.com for use by CHICO'S RETAIL SERVICES, INC.'s clients.  CHICO'S RETAIL SERVICES, INC. is a direct and indirect infringer, and its clients using www.chicos.com are direct infringers.

137.    On information and belief, since becoming aware of the '111 patent CHICO'S RETAIL SERVICES, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, CHICO'S RETAIL SERVICES, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, CHICO'S RETAIL SERVICES, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

138.    Defendant CHICO'S RETAIL SERVICES, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

139.    On information and belief, Defendant CITIZEN WATCH COMPANY OF AMERICA, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.citizenwatch.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

140.    On information and belief, since becoming aware of the '111 patent, CITIZEN WATCH COMPANY OF AMERICA, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.citizenwatch.com for use by CITIZEN WATCH COMPANY OF AMERICA, INC.'s clients.  CITIZEN WATCH COMPANY OF AMERICA, INC. is a direct and indirect infringer, and its clients using www.citizenwatch.com are direct infringers.

141.    On information and belief, since becoming aware of the '111 patent CITIZEN WATCH COMPANY OF AMERICA, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, CITIZEN WATCH

COMPANY OF AMERICA, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, CITIZEN WATCH COMPANY OF AMERICA, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

142.   Defendant CITIZEN WATCH COMPANY OF AMERICA, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

143.   On information and belief, Defendant DILLARD'S, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.dillards.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

144.   On information and belief, since becoming aware of the '111 patent, DILLARD'S, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website

www.dillards.com for use by DILLARD'S, INC.'s clients.  DILLARD'S, INC. is a direct and indirect infringer, and its clients using www.dillards.com are direct infringers.

145.   On information and belief, since becoming aware of the '111 patent DILLARD'S, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, DILLARD'S, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.   On information and belief, DILLARD'S, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

146.   Defendant DILLARD'S, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

147.   On information and belief, Defendant EASTMAN KODAK COMPANY has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.kodakgallery.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of

operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

148. On information and belief, since becoming aware of the '111 patent, EASTMAN KODAK COMPANY has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.kodakgallery.com for use by EASTMAN KODAK COMPANY's clients. EASTMAN KODAK COMPANY is a direct and indirect infringer, and its clients using www.kodakgallery.com are direct infringers.

149. On information and belief, since becoming aware of the '111 patent EASTMAN KODAK COMPANY is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use. On information and belief, EASTMAN KODAK COMPANY knew or should have known that through its acts it was and is inducing infringement of the '111 patent. On information and belief, EASTMAN KODAK COMPANY is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

150. Defendant EASTMAN KODAK COMPANY is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

151. On information and belief, Defendant GENERAL MOTORS LLC has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district,

and elsewhere in the United States, by actions comprising making and using its website at www.cadillac.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

152.    On information and belief, since becoming aware of the '111 patent, GENERAL MOTORS LLC has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.cadillac.com for use by GENERAL MOTORS LLC's clients.   GENERAL MOTORS LLC is a direct and indirect infringer, and its clients using www.cadillac.com are direct infringers.

153.    On information and belief, since becoming aware of the '111 patent GENERAL MOTORS LLC is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.   On information and belief, GENERAL MOTORS LLC knew or should have known that through its acts it was and is inducing infringement of the '111 patent.   On information and belief, GENERAL MOTORS LLC is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for

infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

154.    Defendant GENERAL MOTORS LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

155.    On information and belief, Defendant THE GILLETTE COMPANY has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.gillette.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

156.    On information and belief, since becoming aware of the '111 patent, THE GILLETTE COMPANY has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.gillette.com for use by THE GILLETTE COMPANY's clients. THE GILLETTE COMPANY is a direct and indirect infringer, and its clients using www.gillette.com are direct infringers.

157.    On information and belief, since becoming aware of the '111 patent THE GILLETTE COMPANY is and has been committing the act of inducing infringement by

specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, THE GILLETTE COMPANY knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, THE GILLETTE COMPANY is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

158.    Defendant THE GILLETTE COMPANY is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

159.    On information and belief, Defendant THE GOODYEAR TIRE & RUBBER COMPANY has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.goodyearotr.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

160.    On information and belief, since becoming aware of the '111 patent, THE GOODYEAR TIRE & RUBBER COMPANY has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111

patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.goodyearotr.com for use by THE GOODYEAR TIRE & RUBBER COMPANY's clients.   THE GOODYEAR TIRE & RUBBER COMPANY is a direct and indirect infringer, and its clients using www.goodyearotr.com are direct infringers.

161.    On information and belief, since becoming aware of the '111 patent THE GOODYEAR TIRE & RUBBER COMPANY is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, THE GOODYEAR TIRE & RUBBER COMPANY knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, THE GOODYEAR TIRE & RUBBER COMPANY is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

162.    Defendant THE GOODYEAR TIRE & RUBBER COMPANY is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

163.    On information and belief, Defendant H-D MICHIGAN, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.harley-davidson.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a

41

constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

164.     On information and belief, since becoming aware of the '111 patent, H-D MICHIGAN, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.harley-davidson.com for use by H-D MICHIGAN, INC.'s clients.  H-D MICHIGAN, INC. is a direct and indirect infringer, and its clients using www.harley-davidson.com are direct infringers.

165.     On information and belief, since becoming aware of the '111 patent H-D MICHIGAN, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, H-D MICHIGAN, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, H-D MICHIGAN, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

166.     Defendant H-D MICHIGAN, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

167.    On information and belief, Defendant HARLEY-DAVIDSON, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.harley-davidson.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

168.    On information and belief, since becoming aware of the '111 patent, HARLEY-DAVIDSON, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.harley-davidson.com for use by HARLEY-DAVIDSON, INC.'s clients.  HARLEY-DAVIDSON, INC. is a direct and indirect infringer, and its clients using www.harley-davidson.com are direct infringers.

169.    On information and belief, since becoming aware of the '111 patent HARLEY-DAVIDSON, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, HARLEY-DAVIDSON, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, HARLEY-DAVIDSON, INC. is and has been committing the act of

contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

170.   Defendant HARLEY-DAVIDSON, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

171.   On information and belief, Defendant HASBRO, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.hasbro.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

172.   On information and belief, since becoming aware of the '111 patent, HASBRO, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.hasbro.com for use by HASBRO, INC.'s clients.  HASBRO, INC. is a direct and indirect infringer, and its clients using www.hasbro.com are direct infringers.

173.   On information and belief, since becoming aware of the '111 patent HASBRO, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, HASBRO, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.   On information and belief, HASBRO, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

174.   Defendant HASBRO, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

175.   On information and belief, Defendant HAYNEEDLE, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.bedsidetables.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

176.   On information and belief, since becoming aware of the '111 patent, HAYNEEDLE, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.bedsidetables.com for use by HAYNEEDLE, INC.'s clients.   HAYNEEDLE, INC. is a direct and indirect infringer, and its clients using www.bedsidetables.com are direct infringers.

177.   On information and belief, since becoming aware of the '111 patent HAYNEEDLE, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.   On information and belief, HAYNEEDLE, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.   On information and belief, HAYNEEDLE, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

178.   Defendant HAYNEEDLE, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

179.   On information and belief, Defendant HERMAN MILLER, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.hermanmiller.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an

executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

180.     On information and belief, since becoming aware of the '111 patent, HERMAN MILLER, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.hermanmiller.com for use by HERMAN MILLER, INC.'s clients.  HERMAN MILLER, INC. is a direct and indirect infringer, and its clients using www.hermanmiller.com are direct infringers.

181.     On information and belief, since becoming aware of the '111 patent HERMAN MILLER, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, HERMAN MILLER, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.   On information and belief, HERMAN MILLER, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

182.    Defendant HERMAN MILLER, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

183.    On information and belief, Defendant HSN INTERACTIVE LLC has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.hsn.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

184.    On information and belief, since becoming aware of the '111 patent, HSN INTERACTIVE LLC has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.hsn.com for use by HSN INTERACTIVE LLC's clients.  HSN INTERACTIVE LLC is a direct and indirect infringer, and its clients using www.hsn.com are direct infringers.

185.    On information and belief, since becoming aware of the '111 patent HSN INTERACTIVE LLC is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, HSN INTERACTIVE LLC knew or should have known that through its acts it was and is inducing infringement of the '111 patent.

On information and belief, HSN INTERACTIVE LLC is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

186.    Defendant HSN INTERACTIVE LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

187.    On information and belief, Defendant HSN LP has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.hsn.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

188.    On information and belief, since becoming aware of the '111 patent, HSN LP has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.hsn.com for use by HSN LP's clients.  HSN LP is a direct and indirect infringer, and its clients using www.hsn.com are direct infringers.

189.   On information and belief, since becoming aware of the '111 patent HSN LP is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use. On information and belief, HSN LP knew or should have known that through its acts it was and is inducing infringement of the '111 patent.   On information and belief, HSN LP is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

190.   Defendant HSN LP is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

191.   On information and belief, Defendant THE J. JILL GROUP, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.jjill.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

192.   On information and belief, since becoming aware of the '111 patent, THE J. JILL GROUP, INC. has been and is now indirectly infringing by way of inducing infringement and

contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.jjill.com for use by THE J. JILL GROUP, INC.'s clients. THE J. JILL GROUP, INC. is a direct and indirect infringer, and its clients using www.jjill.com are direct infringers.

193. On information and belief, since becoming aware of the '111 patent THE J. JILL GROUP, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use. On information and belief, THE J. JILL GROUP, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent. On information and belief, THE J. JILL GROUP, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

194. Defendant THE J. JILL GROUP, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

195. On information and belief, Defendant JILL ACQUISITION LLC has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.jjill.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system

comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

196. On information and belief, since becoming aware of the '111 patent, JILL ACQUISITION LLC has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.jjill.com for use by JILL ACQUISITION LLC's clients. JILL ACQUISITION LLC is a direct and indirect infringer, and its clients using www.jjill.com are direct infringers.

197. On information and belief, since becoming aware of the '111 patent JILL ACQUISITION LLC is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use. On information and belief, JILL ACQUISITION LLC knew or should have known that through its acts it was and is inducing infringement of the '111 patent. On information and belief, JILL ACQUISITION LLC is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

198. Defendant JILL ACQUISITION LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

199. On information and belief, Defendant JONES INVESTMENT COMPANY, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this

judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.anneklein.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

200.    On information and belief, since becoming aware of the '111 patent, JONES INVESTMENT COMPANY, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.anneklein.com for use by JONES INVESTMENT COMPANY, INC.'s clients. JONES INVESTMENT COMPANY, INC. is a direct and indirect infringer, and its clients using www.anneklein.com are direct infringers.

201.    On information and belief, since becoming aware of the '111 patent JONES INVESTMENT COMPANY, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.   On information and belief, JONES INVESTMENT COMPANY, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.   On information and belief, JONES INVESTMENT COMPANY, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention,

knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

202.    Defendant JONES INVESTMENT COMPANY, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

203.    On information and belief, Defendant JONES RETAIL CORPORATION has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.anneklein.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

204.    On information and belief, since becoming aware of the '111 patent, JONES RETAIL CORPORATION has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.anneklein.com for use by JONES RETAIL CORPORATION's clients.  JONES RETAIL CORPORATION is a direct and indirect infringer, and its clients using www.anneklein.com are direct infringers.

205.    On information and belief, since becoming aware of the '111 patent JONES RETAIL CORPORATION is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.    On information and belief, JONES RETAIL CORPORATION knew or should have known that through its acts it was and is inducing infringement of the '111 patent.    On information and belief, JONES RETAIL CORPORATION is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

206.    Defendant JONES RETAIL CORPORATION is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

207.    On information and belief, Defendant KODAK IMAGING NETWORK, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.kodakgallery.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

208.    On information and belief, since becoming aware of the '111 patent, KODAK IMAGING NETWORK, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.kodakgallery.com for use by KODAK IMAGING NETWORK, INC.'s clients. KODAK IMAGING NETWORK, INC. is a direct and indirect infringer, and its clients using www.kodakgallery.com are direct infringers.

209.    On information and belief, since becoming aware of the '111 patent KODAK IMAGING NETWORK, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, KODAK IMAGING NETWORK, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, KODAK IMAGING NETWORK, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

210.    Defendant KODAK IMAGING NETWORK, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

211.    On information and belief, Defendant KOHL'S DEPARTMENT STORES, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.kohls.com, which comprises a server coupled to a communications link that

receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

212.    On information and belief, since becoming aware of the '111 patent, KOHL'S DEPARTMENT STORES, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.kohls.com for use by KOHL'S DEPARTMENT STORES, INC.'s clients. KOHL'S DEPARTMENT STORES, INC. is a direct and indirect infringer, and its clients using www.kohls.com are direct infringers.

213.    On information and belief, since becoming aware of the '111 patent KOHL'S DEPARTMENT STORES, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.   On information and belief, KOHL'S DEPARTMENT STORES, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.   On information and belief, KOHL'S DEPARTMENT STORES, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further

knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

214. Defendant KOHL'S DEPARTMENT STORES, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

215. On information and belief, Defendant LG ELECTRONICS USA, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.lg.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

216. On information and belief, since becoming aware of the '111 patent, LG ELECTRONICS USA, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.lg.com for use by LG ELECTRONICS USA, INC.'s clients. LG ELECTRONICS USA, INC. is a direct and indirect infringer, and its clients using www.lg.com are direct infringers.

217. On information and belief, since becoming aware of the '111 patent LG ELECTRONICS USA, INC. is and has been committing the act of inducing infringement by

specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use. On information and belief, LG ELECTRONICS USA, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent. On information and belief, LG ELECTRONICS USA, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

218.    Defendant LG ELECTRONICS USA, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

219.    On information and belief, Defendant MACY'S WEST STORES, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.macys.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

220.    On information and belief, since becoming aware of the '111 patent, MACY'S WEST STORES, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the

State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.macys.com for use by MACY'S WEST STORES, INC.'s clients.  MACY'S WEST STORES, INC. is a direct and indirect infringer, and its clients using www.macys.com are direct infringers.

221.    On information and belief, since becoming aware of the '111 patent MACY'S WEST STORES, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, MACY'S WEST STORES, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, MACY'S WEST STORES, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

222.    Defendant MACY'S WEST STORES, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

223.    On information and belief, Defendant MACYS.COM, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.macys.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system

comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

224.   On information and belief, since becoming aware of the '111 patent, MACYS.COM, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.macys.com for use by MACYS.COM, INC.'s clients.  MACYS.COM, INC. is a direct and indirect infringer, and its clients using www.macys.com are direct infringers.

225.   On information and belief, since becoming aware of the '111 patent MACYS.COM, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.   On information and belief, MACYS.COM, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.   On information and belief, MACYS.COM, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

226.   Defendant MACYS.COM, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

227.   On information and belief, Defendant MATTEL, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and

elsewhere in the United States, by actions comprising making and using its website at www.americangirl.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

228. On information and belief, since becoming aware of the '111 patent, MATTEL, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.americangirl.com for use by MATTEL, INC.'s clients. MATTEL, INC. is a direct and indirect infringer, and its clients using www.americangirl.com are direct infringers.

229. On information and belief, since becoming aware of the '111 patent MATTEL, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use. On information and belief, MATTEL, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent. On information and belief, MATTEL, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further

knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

230.    Defendant MATTEL, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

231.    On information and belief, Defendant MITSUBISHI MOTOR SALES OF AMERICA, INC., has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.mitsubishicars.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

232.    On information and belief, since becoming aware of the '111 patent, MITSUBISHI MOTOR SALES OF AMERICA, INC., has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.mitsubishicars.com for use by MITSUBISHI MOTOR SALES OF AMERICA, INC.'s clients.  MITSUBISHI MOTOR SALES OF AMERICA, INC., is a direct and indirect infringer, and its clients using www.mitsubishicars.com are direct infringers.

233.    On information and belief, since becoming aware of the '111 patent MITSUBISHI MOTOR SALES OF AMERICA, INC., is and has been committing the act of

inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, MITSUBISHI MOTOR SALES OF AMERICA, INC., knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, MITSUBISHI MOTOR SALES OF AMERICA, INC., is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

234.    Defendant MITSUBISHI MOTOR SALES OF AMERICA, INC., is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

235.    On information and belief, Defendant MITSUBISHI MOTORS NORTH AMERICA, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.mitsubishicars.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

236.    On information and belief, since becoming aware of the '111 patent, MITSUBISHI MOTORS NORTH AMERICA, INC. has been and is now indirectly infringing

by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.mitsubishicars.com for use by MITSUBISHI MOTORS NORTH AMERICA, INC.'s clients. MITSUBISHI MOTORS NORTH AMERICA, INC. is a direct and indirect infringer, and its clients using www.mitsubishicars.com are direct infringers.

237. On information and belief, since becoming aware of the '111 patent MITSUBISHI MOTORS NORTH AMERICA, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use. On information and belief, MITSUBISHI MOTORS NORTH AMERICA, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent. On information and belief, MITSUBISHI MOTORS NORTH AMERICA, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

238. Defendant MITSUBISHI MOTORS NORTH AMERICA, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

239. On information and belief, Defendant MOTOROLA, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.motorola.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable

applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

240.   On information and belief, since becoming aware of the '111 patent, MOTOROLA, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.motorola.com for use by MOTOROLA, INC.'s clients.  MOTOROLA, INC. is a direct and indirect infringer, and its clients using www.motorola.com are direct infringers.

241.   On information and belief, since becoming aware of the '111 patent MOTOROLA, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, MOTOROLA, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, MOTOROLA, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

242.   Defendant MOTOROLA, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

243.   On information and belief, Defendant MOTOROLA TRADEMARK HOLDINGS, LLC has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.motorola.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

244.   On information and belief, since becoming aware of the '111 patent, MOTOROLA TRADEMARK HOLDINGS, LLC has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.motorola.com for use by MOTOROLA TRADEMARK HOLDINGS, LLC's clients.  MOTOROLA TRADEMARK HOLDINGS, LLC is a direct and indirect infringer, and its clients using www.motorola.com are direct infringers.

245.   On information and belief, since becoming aware of the '111 patent MOTOROLA TRADEMARK HOLDINGS, LLC is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, MOTOROLA TRADEMARK HOLDINGS, LLC knew or should have known that through its acts it was and is inducing infringement of the '111 patent.   On information and belief, MOTOROLA

TRADEMARK HOLDINGS, LLC is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

246.    Defendant MOTOROLA TRADEMARK HOLDINGS, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

247.    On information and belief, Defendant NAUTICA APPAREL, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.nautica.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

248.    On information and belief, since becoming aware of the '111 patent, NAUTICA APPAREL, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.nautica.com for use by NAUTICA APPAREL, INC.'s clients.  NAUTICA APPAREL, INC. is a direct and indirect infringer, and its clients using www.nautica.com are direct infringers.

249.    On information and belief, since becoming aware of the '111 patent NAUTICA APPAREL, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.   On information and belief, NAUTICA APPAREL, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.   On information and belief, NAUTICA APPAREL, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

250.    Defendant NAUTICA APPAREL, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

251.    On information and belief, Defendant NAUTICA RETAIL USA, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.nautica.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

252.   On information and belief, since becoming aware of the '111 patent, NAUTICA RETAIL USA, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.nautica.com for use by NAUTICA RETAIL USA, INC.'s clients.   NAUTICA RETAIL USA, INC. is a direct and indirect infringer, and its clients using www.nautica.com are direct infringers.

253.   On information and belief, since becoming aware of the '111 patent NAUTICA RETAIL USA, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.   On information and belief, NAUTICA RETAIL USA, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.   On information and belief, NAUTICA RETAIL USA, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

254.   Defendant NAUTICA RETAIL USA, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

255.   On information and belief, Defendant NAVISTAR, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.internationaltrucks.com, which comprises a server coupled to a communications link that

receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

256.    On information and belief, since becoming aware of the '111 patent, NAVISTAR, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.internationaltrucks.com for use by NAVISTAR, INC.'s clients.  NAVISTAR, INC. is a direct and indirect infringer, and its clients using www.internationaltrucks.com are direct infringers.

257.    On information and belief, since becoming aware of the '111 patent NAVISTAR, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, NAVISTAR, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, NAVISTAR, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

258. Defendant NAVISTAR, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

259. On information and belief, Defendant NEW BALANCE ATHLETIC SHOE, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.newbalance.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

260. On information and belief, since becoming aware of the '111 patent, NEW BALANCE ATHLETIC SHOE, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.newbalance.com for use by NEW BALANCE ATHLETIC SHOE, INC.'s clients. NEW BALANCE ATHLETIC SHOE, INC. is a direct and indirect infringer, and its clients using www.newbalance.com are direct infringers.

261. On information and belief, since becoming aware of the '111 patent NEW BALANCE ATHLETIC SHOE, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use. On information and belief, NEW BALANCE

ATHLETIC SHOE, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, NEW BALANCE ATHLETIC SHOE, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

262.   Defendant NEW BALANCE ATHLETIC SHOE, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

263.   On information and belief, Defendant NISSAN NORTH AMERICA, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.nissanusa.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

264.   On information and belief, since becoming aware of the '111 patent, NISSAN NORTH AMERICA, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the

website www.nissanusa.com for use by NISSAN NORTH AMERICA, INC.'s clients.  NISSAN

NORTH AMERICA, INC. is a direct and indirect infringer, and its clients using

www.nissanusa.com are direct infringers.

265.    On information and belief, since becoming aware of the '111 patent NISSAN

NORTH AMERICA, INC. is and has been committing the act of inducing infringement by

specifically intending to induce infringement by providing the identified website to its clients

and by aiding and abetting its use.  On information and belief, NISSAN NORTH AMERICA,

INC. knew or should have known that through its acts it was and is inducing infringement of the

'111 patent.  On information and belief, NISSAN NORTH AMERICA, INC. is and has been

committing the act of contributory infringement by intending to provide the identified website to

its clients knowing that it is a material part of the invention, knowing that its use was made and

adapted for infringement of the '111 patent, and further knowing that the system is not a staple

article or commodity of commerce suitable for substantially noninfringing use.

266.    Defendant NISSAN NORTH AMERICA, INC. is thus liable for infringement of

the '111 patent pursuant to 35 U.S.C. § 271.

267.    On information and belief, Defendant PRL USA HOLDINGS, INC. has been and

now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district,

and elsewhere in the United States, by actions comprising making and using its website at

www.ralphlauren.com, which comprises a server coupled to a communications link that receives

a request from a client device and collects data items as a function of the requests; an executable

applet dynamically generated by the server in response to the client request; a constituent system

associated with the applet comprising a subset of the data items and a further constituent system

comprising a data interface capability configured to provide a plurality of operations associated

with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

268.    On information and belief, since becoming aware of the '111 patent, PRL USA HOLDINGS, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.ralphlauren.com for use by PRL USA HOLDINGS, INC.'s clients.    PRL USA HOLDINGS, INC. is a direct and indirect infringer, and its clients using www.ralphlauren.com are direct infringers.

269.    On information and belief, since becoming aware of the '111 patent PRL USA HOLDINGS, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.   On information and belief, PRL USA HOLDINGS, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.   On information and belief, PRL USA HOLDINGS, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

270.    Defendant PRL USA HOLDINGS, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

271.    On information and belief, Defendant THE PROCTER & GAMBLE COMPANY has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this

judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.gillette.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

272.    On information and belief, since becoming aware of the '111 patent, THE PROCTER & GAMBLE COMPANY has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.gillette.com for use by THE PROCTER & GAMBLE COMPANY's clients.  THE PROCTER & GAMBLE COMPANY is a direct and indirect infringer, and its clients using www.gillette.com are direct infringers.

273.    On information and belief, since becoming aware of the '111 patent THE PROCTER & GAMBLE COMPANY is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, THE PROCTER & GAMBLE COMPANY knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, THE PROCTER & GAMBLE COMPANY is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention,

knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

274.   Defendant THE PROCTER & GAMBLE COMPANY is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

275.   On information and belief, Defendant RALPH LAUREN MEDIA LLC has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.ralphlauren.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

276.   On information and belief, since becoming aware of the '111 patent, RALPH LAUREN MEDIA LLC has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.ralphlauren.com for use by RALPH LAUREN MEDIA LLC's clients.   RALPH LAUREN MEDIA LLC is a direct and indirect infringer, and its clients using www.ralphlauren.com are direct infringers.

277.    On information and belief, since becoming aware of the '111 patent RALPH LAUREN MEDIA LLC is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, RALPH LAUREN MEDIA LLC knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, RALPH LAUREN MEDIA LLC is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

278.    Defendant RALPH LAUREN MEDIA LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

279.    On information and belief, Defendant RUSSELL BRANDS, LLC has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.russellathletic.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

280.     On information and belief, since becoming aware of the '111 patent, RUSSELL BRANDS, LLC has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.russellathletic.com for use by RUSSELL BRANDS, LLC's clients.  RUSSELL BRANDS, LLC is a direct and indirect infringer, and its clients using www.russellathletic.com are direct infringers.

281.     On information and belief, since becoming aware of the '111 patent RUSSELL BRANDS, LLC is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, RUSSELL BRANDS, LLC knew or should have known that through its acts it was and is inducing infringement of the '111 patent.   On information and belief, RUSSELL BRANDS, LLC is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

282.     Defendant RUSSELL BRANDS, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

283.     On information and belief, Defendant SUBARU OF AMERICA, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.subaru.com, which comprises a server coupled to a communications link that receives a

request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

284.    On information and belief, since becoming aware of the '111 patent, SUBARU OF AMERICA, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.subaru.com for use by SUBARU OF AMERICA, INC.'s clients.   SUBARU OF AMERICA, INC. is a direct and indirect infringer, and its clients using www.subaru.com are direct infringers.

285.    On information and belief, since becoming aware of the '111 patent SUBARU OF AMERICA, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.   On information and belief, SUBARU OF AMERICA, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.   On information and belief, SUBARU OF AMERICA, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

286.    Defendant SUBARU OF AMERICA, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

287.    On information and belief, Defendant SUNGLASS HUT TRADING, LLC has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.sunglasshut.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

288.    On information and belief, since becoming aware of the '111 patent, SUNGLASS HUT TRADING, LLC has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.sunglasshut.com for use by SUNGLASS HUT TRADING, LLC's clients. SUNGLASS HUT TRADING, LLC is a direct and indirect infringer, and its clients using www.sunglasshut.com are direct infringers.

289.    On information and belief, since becoming aware of the '111 patent SUNGLASS HUT TRADING, LLC is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, SUNGLASS HUT TRADING,

LLC knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, SUNGLASS HUT TRADING, LLC is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

290.    Defendant SUNGLASS HUT TRADING, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

291.    On information and belief, Defendant VICTORIA'S SECRET has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.victoriassecret.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

292.    On information and belief, since becoming aware of the '111 patent, VICTORIA'S SECRET has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.victoriassecret.com for use by VICTORIA'S SECRET's clients.  VICTORIA'S

SECRET is a direct and indirect infringer, and its clients using www.victoriassecret.com are direct infringers.

293.   On information and belief, since becoming aware of the '111 patent VICTORIA'S SECRET is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, VICTORIA'S SECRET knew or should have known that through its acts it was and is inducing infringement of the '111 patent. On information and belief, VICTORIA'S SECRET is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

294.   Defendant VICTORIA'S SECRET is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

295.   On information and belief, Defendant WOLVERINE WORLD WIDE, INC. has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.catfootwear.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of

operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

296.    On information and belief, since becoming aware of the '111 patent, WOLVERINE WORLD WIDE, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.catfootwear.com for use by WOLVERINE WORLD WIDE, INC.'s clients. WOLVERINE WORLD WIDE, INC. is a direct and indirect infringer, and its clients using www.catfootwear.com are direct infringers.

297.    On information and belief, since becoming aware of the '111 patent WOLVERINE WORLD WIDE, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.   On information and belief, WOLVERINE WORLD WIDE, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.   On information and belief, WOLVERINE WORLD WIDE, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

298.    Defendant WOLVERINE WORLD WIDE, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

299.     On information and belief, Defendant WOMEN'S APPAREL GROUP, LLC has been and now is infringing at least claim 1 the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its websites at www.metrostyle.com and www.chadwicks.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

300.     On information and belief, since becoming aware of the '111 patent, WOMEN'S APPAREL GROUP, LLC has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the websites www.metrostyle.com and www.chadwicks.com  for use by WOMEN'S APPAREL GROUP, LLC's clients.  WOMEN'S APPAREL GROUP, LLC is a direct and indirect infringer, and its clients using www.metrostyle.com or www.chadwicks.com  are direct infringers.

301.     On information and belief, since becoming aware of the '111 patent WOMEN'S APPAREL GROUP, LLC is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified websites to its clients and by aiding and abetting its use.  On information and belief, WOMEN'S APPAREL GROUP, LLC knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, WOMEN'S APPAREL GROUP, LLC is and has been

committing the act of contributory infringement by intending to provide the identified websites to its clients knowing that they are a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the systems are not a staple article or commodity of commerce suitable for substantially noninfringing use.

302.    Defendant WOMEN'S APPAREL GROUP, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

303.    As a result of Defendants' infringing conduct, Defendants should be held liable to Parallel Networks in an amount that adequately compensates Parallel Networks for their infringement, which, by law, can be no less than a reasonable royalty.

304.    On information and belief, Defendants have had at least constructive notice of the '111 patent by operation of law, and there are no marking requirements that have not been complied with.

## COUNT II
## WILLFUL INFRINGEMENT

305.    On information and belief, prior to the filing of the complaint, Defendants' infringement was willful and continues to be willful.  On information and belief, prior to the filing of this Complaint, Defendants were aware of the '111 patent and knew or should have known that Defendants were infringing at least claim 1 of the '111 patent.  On information and belief, Defendants in their infringing activities acted as they did despite an objectively high likelihood that their actions constituted infringement of a valid patent.  The Defendants' infringing activities were intentional and willful in that the risk of infringement was known to Defendants or was so obvious that it should have been known to Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Parallel Networks respectfully requests that this Court enter:

a) A judgment in favor of Parallel Networks that Defendants have infringed, directly, jointly, and indirectly, by way of inducing and contributing to the infringement of the '111 patent;

b) A judgment that the Defendants' infringement is and has been willful and objectively reckless;

c) A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '111 patent;

d) A judgment and order requiring Defendants to pay Parallel Networks its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '111 patent as provided under 35 U.S.C. § 284;

e) An award to Parallel Networks for enhanced damages as provided under 35 U.S.C. § 284;

f) A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Parallel Networks its reasonable attorneys' fees; and

g) Any and all other relief to which Parallel Networks may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  September 23, 2010

Respectfully submitted,

By: */s/ Craig Tadlock*

Craig Tadlock
State Bar No. 00791766
Tadlock Law Firm PLLC
400 E. Royal Lane, Suite 290
Irving, Texas 75039
Telephone: (214) 785-6014
 and
315 N. Broadway, Suite 307
Tyler, Texas 75702
Telephone: (903) 283-2758
Email: craig@tadlocklawfirm.com

*Attorney for Plaintiff Parallel
Networks, LLC*

Of Counsel:
George S. Bosy
David R. Bennett
Bosy & Bennett
3712 N. Broadway
P.O. Box 659
Chicago, IL 60613
Telephone: (773) 281-3826
Email:  gbosy@bosybennett.com
           dbennett@bosybennett.com