**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **PARALLEL NETWORKS, LLC,**  )<br><br>**Plaintiff,**  )<br><br>v.  )<br><br>**ADIDAS AMERICA, INC.** *et al.*  )<br>**Defendants.**  ) | **Case No. 6:10-cv-00491-LED**<br><br>**JURY TRIAL DEMANDED** |

**NAVISTAR'S MOTION TO DISMISS PARALLEL NETWORK'S ALLEGATIONS OF**
**INDIRECT AND WILLFUL INFRINGEMENT**

Defendant Navistar, Inc. ("Navistar") hereby joins the November 22, 2010 Motion to

Dismiss filed by the Kodak co-defendants, D.I. 268. For the reasons set forth therein, Navistar

respectfully requests that Parallel Networks, LLC's ("Parallel Networks's") claims of induced,

contributory, and willful infringement against Navistar also be dismissed. In the interests of

minimizing the burden on this Court, Navistar joins in Kodak's Motion to Dismiss, rather than

filing its own motion separately. In support of its motion, Navistar states as follows:

On September 23, 2010, plaintiff Parallel Networks filed its Complaint in this matter.

D.I. 1. The Complaint names fifty-eight separate defendants. In boilerplate fashion, Parallel

Networks alleges the exact same purported allegations of induced, contributory, and willful

infringement against each of those fifty-eight defendants, pleading no facts in support of those

allegations. Parallel Networks's specific allegations against Navistar are as follows:

- In alleging induced infringement against Navistar, Parallel Networks merely states in conclusory fashion that "[Navistar] is and has been committing the act of inducing infringement by specifically intending to induce infringement" because it "knew or should have known that through its acts it was and is inducing infringement of the '111 patent." D.I. 1 at ¶ 257.

- In alleging contributory infringement against Navistar, Parallel Networks merely states in conclusory fashion that "[Navistar] is and has been committing the act of contributory infringement … knowing that [the accused system] is a material part of the invention [and] was made and adapted for infringement of the [patent-in-suit]…"  *Id*.

- Finally, in alleging willful infringement, Parallel Networks accuses Navistar with more than fifty other defendants and, without identifying a single specific action taken by Navistar, asserts that all of the defendants' alleged infringement "was willful" because "Defendants … acted … despite an objectively high likelihood that their actions constituted infringement."  *Id*. at ¶ 305.

These conclusory allegations fall short of the pleading standards required by Rule 8 of the

Federal Rules of Civil Procedure.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  For the reasons

set forth in Kodak's Motion to Dismiss, Parallel Networks's allegations of induced, contributory,

and willful infringement against Navistar should be dismissed.

Dated:  November 24, 2010                              Respectfully submitted,


                                                       */s/ Paul R. Steadman*
                                                       Paul R. Steadman, P.C.
                                                       KIRKLAND & ELLIS LLP
                                                       300 North LaSalle Street
                                                       Chicago, Illinois  60654
                                                       Telephone: (312) 862-2000
                                                       *paul.steadman@kirkland.com*


                                                       Eric H. Findlay
                                                       State Bar No. 00789886
                                                       FINDLAY CRAFT, LLP
                                                       6760 Old Jacksonville Hwy
                                                       Suite 101
                                                       Tyler, Texas  75703
                                                       Telephone: (903) 534-1100
                                                       Facsimile: (903) 534-1137
                                                       *Email: efindlay@findlaycraft.com*

                                                       *Attorneys for Navistar, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been served upon counsel of record through the Court's CM/ECF system on this 24th day of November, 2010.


_____/s/ Paul R. Steadman_____