**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| PARALLEL NETWORKS, LLC )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ADIDAS AMERICA, INC., *et al.*, )<br>)<br>    Defendants. ) | Case No. 6:10-cv-00491 LED |

**BERGDORFGOODMAN.COM, LLC'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE
ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(e), Defendant BergdorfGoodman.com, LLC ("Bergdorf Goodman") files this reply in support of its Motion to Dismiss ("Motion") (Dkt. No. 255) Parallel Networks, LLC's ("Parallel Networks") Complaint or, in the alternative, a Motion for a More Definite Statement, and in response to Parallel Networks' Opposition to Bergdorf Goodman's Motion ("Opposition") (Dkt. No. 360).

## INTRODUCTION

Throughout its Opposition, Parallel Networks restates portions of its original Complaint, recites portions of the claim language of U.S. Patent No. 6,446,111 ("the '111 Patent"), and sets forth background information pertaining to the '111 Patent. None of this information, however, adequately refutes Bergdorf Goodman's Motion. For the reasons stated below, Parallel Networks' Complaint fails to set forth claims upon which relief can be granted and should be dismissed.

## ARGUMENT

The allegations in Parallel Networks' Complaint fail to satisfy either Rule 8 or Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure. A motion to dismiss is warranted when a defendant is presented with allegations such as the ones found in Parallel Networks' Complaint. *See Realtime Data LLC v. Morgan Stanley*, No. 6:09-CV-326, slip op. at 1 (E.D. Tex. May 7, 2010) (Love, J.) (Dkt. No. 168) (adopted by Judge Davis, J. on June 10, 2010) (plaintiff's claims for direct and indirect infringement were dismissed).

The parties do not dispute that regional circuit law applies to motions to dismiss. Tellingly, the cases Parallel Networks cites for its proposition that motions to dismiss are rarely granted do not in fact support its argument. In many of the cases, a close reading reveals that the plaintiff's complaint was dismissed, and the dismissal was affirmed on appeal.

Despite Parallel Networks' assertions to the contrary, Bergdorf Goodman disputes that Parallel Networks' Complaint conforms to the standards set forth in Form 18. And, while Form 18 has been found (with some trepidation)[1] to satisfy the pleading requirements of the Federal Rules, courts in this district have not hesitated to dismiss complaints for patent infringement where the plaintiff's description of the accused products or services has less specificity than Form 18.

In its Opposition, Parallel Networks accuses Bergdorf Goodman of failing to comply with Rule 11 by not providing notice to Parallel Networks. (Opposition at 9). Bergdorf Goodman did not file a motion for sanctions thereby triggering the notice requirements of Rule

---

[1] *See, e.g., McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1360 (Fed. Cir. 2007) (Dyk, J., concurring-in-part and dissenting-in-part) ("One can only hope that the rulemaking process will eventually result in eliminating [Form 18], or at least in revising it to require allegations specifying which claims are infringed, and the features of the accused device that correspond to the claim limitations."); *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 WL 2972374, at * 2 (N.D. Cal. Sept. 14, 2009) ("It is not easy to reconcile Form 18 with the guidance of the Supreme Court in *Twombly and Iqbal*"). *See also Colida v. Nokia, Inc.*, 347 Fed. Appx. 568, 571 n.2 (Fed. Cir. 2009) (unpublished) (in dicta, questioning the viability of Form 18 in light of *Ashcroft v. Iqbal*).

11(c)(2). Bergdorf Goodman did not accuse Parallel Networks of failing to comply with Rule 11, but rather assumes that Parallel Networks conducted the requisite pre-suit investigation which would allow it to properly state claims for direct, indirect, and willful infringement.

A. **Parallel Networks' Conclusory Allegations of Direct Infringement Fail to Satisfy the Pleading Requirements of Rule 8 and Should be Dismissed**

Parallel Networks' Complaint fails to properly identify the allegedly infringing system or method Bergdorf Goodman used or made sufficient to fulfill the requirements of Rule 8 or Form 18. Parallel Networks acknowledges that its Complaint merely identifies the allegedly infringing system as a "website." This is akin to asserting that Bergdorf Goodman sells a "product" without any more specificity. Out of fairness to the defendants, more is required of plaintiffs asserting claims of direct patent infringement, particularly where the claims of the patent clearly do not cover a "website." Parallel Networks cites *Eolas Tech., Inc. v. Adobe Systems, Inc.* for the proposition that reciting a website as the accused instrumentality is sufficient. *Eolas Tech., Inc. v. Adobe Systems, Inc.*, 6:09-cv-446, slip op. at 4-5 (E.D. Tex. May 6, 2010) (Davis, J.) (Dkt. No. 282). But, there are key factual distinctions between *Eolas* and this case which renders *Eolas* inapposite here. Such distinctions include the fact that the description of the accused instrumentality in *Eolas'* complaint was more descriptive than Parallel Networks'; the description did not merely recite ambiguous language from the patent claims; and the decision in *Eolas* was based, at least in part, on the nature of the patents involved in that case.

Parallel Networks' Complaint must identify the particular features or operations of Bergdorf Goodman's website that allegedly infringe the '111 Patent. Because its Complaint fails to do so, its claim for direct infringement should be dismissed.

B. **Parallel Networks' Allegations of Inducement and Contributory Infringement Fail to Satisfy the Pleading Requirements of Rule 8 and Should be Dismissed**

Parallel Networks' Complaint fails to identify all of the information required to support a claim for indirect infringement. A showing of either inducement or contributory infringement requires a showing of additional elements over and above direct infringement. Parallel Networks has not provided those additional elements. Furthermore, in its Complaint, Parallel Networks did not set forth any facts, which it is required to do, pertaining to Bergdorf Goodman's intent to indirectly infringe the '111 Patent.[2] Moreover, Parallel Networks' Complaint is **not** more than sufficient to state a claim for indirect infringement.

Parallel Networks' Complaint fails to plead facts that would place Bergdorf Goodman on notice regarding what actions it has taken that allegedly are inducing others to infringe or contributing to the infringement of others. To allege these indirect infringement claims, Parallel Networks would need to assert some facts that identify some way in which Bergdorf Goodman has actively participated in another's direct infringement. For inducement, Parallel Networks would need to allege some facts that identify some action by Bergdorf Goodman that "actively" encourages another to directly infringe.

For contributory infringement, Parallel Networks would need to allege that Bergdorf Goodman was providing another with an essential component of an infringing device. Parallel Networks' contributory infringement allegation-which pleads no facts-would have to allege that Bergdorf Goodman is providing an essential component to some direct infringer who is making, using, or selling the patented invention. Since Parallel Networks has not done so, its claim for contributory, and thus indirect infringement, should be dismissed.

C. <u>**Parallel Networks Has Not Identified any Pre-Suit Facts to Support its Claim of Willful Infringement**</u>

---

[2] Rule 9(b), which governs the pleading requirements for fraud and mistake, does not apply to this Motion. While the intent to commit indirect infringement may not need to be pled with the same level of particularity as fraud and mistake, a plaintiff must allege enough facts to support its claim, which Parallel Networks has not done.

Parallel Networks' claim for willful infringement should be dismissed because a willfulness claim asserted in the original complaint must be based on the accused infringer's pre-filing conduct. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc). The crux of Bergdorf Goodman's argument is that the Complaint fails to allege any **facts** related to Bergdorf Goodman's pre-filing conduct. Thus, Parallel Networks' claim for willful infringement should be dismissed.

### D. At a Minimum Parallel Networks Should be Required to Provide a More Definite Statement

Alternatively , should this Court not dismiss Parallel Networks' Complaint, Parallel Networks should, at a minimum, be required to file a more definite statement. Parallel Networks' Complaint is so vague and ambiguous that Bergdorf Goodman cannot possibly respond to it or attempt to prepare a defense. Courts have granted Rule 12(e) motions where, as here, the plaintiff has made a half-hearted attempt to identify an accused product but nonetheless has failed to provide sufficient information to allow the defendant to formulate a meaningful response to the infringement allegation. *Taurus IP, LLC v. Ford Motor Co.*, 539 F.Supp.2d 1122, 1127 (W.D. Wis. 2008) (order plaintiff to list all allegedly infringing products because listing only a few examples was insufficient). Thus, a more definite statement is warranted.

### CONCLUSION

The vague and ambiguous assertions in Parallel Networks' Complaint are not sufficient to fairly put Bergdorf Goodman on notice of the claims against it. With the expense and time discovery and the overall litigation process entails, Bergdorf Goodman should not have to proceed without Parallel Networks having to first fulfill its fair notice pleading obligations under the law.

Respectfully submitted,

/s/ Daniel A. Crowe
Daniel A. Crowe (admitted *pro hac vice*)
dacrowe@bryancave.com
Wilhemina J. Tyler (admitted E.D. Tex.)
wilhemina.tyler@bryancave.com
BRYAN CAVE LLP
One Metropolitan Square
211 N. Broadway, Ste. 3600
St. Louis, Missouri 63102
Tele. (314) 259-2000
Facs. (314) 259-2020

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON, PC
110 North College
Suite 500
Tyler, Texas 75702
Tele. (903) 597-8311
Facs. (903) 593-0846

**Certificate of Service**

    I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record via ECF, in accordance with the Federal Rules of Civil Procedure, on this 16th day of December, 2010.

/s/ Daniel A. Crowe
Daniel A. Crowe