UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| PARALLEL NETWORKS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ADIDAS AMERICA, INC., et al. <br><br> Defendants. | Case No. 6:10-CV-491-LED |

**DEFENDANTS EASTMAN KODAK COMPANY'S AND KODAK IMAGING NETWORK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CLAIMS OF INDUCED, CONTRIBUTORY, AND WILLFUL INFRINGEMENT**

Parallel's Opposition to Kodak's Motion to Dismiss (Dkt. No. 369) does not address the fundamental flaw in Parallel's Complaint: its failure to allege *any facts* supporting its allegations of induced, contributory, and willful infringement against Kodak. Instead, Parallel spends its Opposition arguing that it need only allege the legal elements of induced, contributory, and willful infringement. This argument is wrong as a matter of law. It is now settled that a plaintiff cannot state a valid claim by merely stating the legal elements of a claim. Indeed, in *Bell Atlantic v. Twombly* (which Parallel never addresses), the United States Supreme Court held that a plaintiff must provide *some factual support* for its allegations:

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' *requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do*...Without *some factual allegation* in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also 'grounds' on which the claim rests.

127 S. Ct. 1955, 1964-65, 1965 n.3 (2007) (emphasis added) (internal citations omitted).

Parallel does not even contend that it meets this standard. Indeed, Parallel does not dispute Kodak's assertion that Parallel's Complaint does not contain *any facts* to support its allegations of

induced, contributory, and willful infringement:

- Parallel never disputes that its induced, contributory, and willful infringement claims against Kodak are copied *word for word* from allegations Parallel makes against more than fifty other defendants;

- Parallel does not dispute that it fails to provide a *single fact* to support its allegation that Kodak "intended" to induce infringement;

- Parallel does not dispute that it failed to set forth a *single fact* to support its allegation that Kodak has contributorily infringed the patent-in-suit by "specifically designing" its technology to infringe the patent-in-suit; and

- Parallel does not dispute that it did not provide a *single fact* to support its allegation that Kodak willfully infringed by making decisions about the accused Kodak website after learning of the patent-in-suit.

Without any of these facts, Parallel's claims of induced, contributory, and willful infringement fail as a matter of law.

## I. PARALLEL CANNOT STATE VALID CLAIMS WITHOUT FACTUAL SUPPORT

Parallel's principal argument is that its claims of induced, contributory, and willful infringement were sufficiently pled because its Complaint repeats each of the legal elements of these claims. (*See e.g.*, Dkt. No. 369 at 9-10.) Indeed, Parallel claims that it set forth valid claims for induced, contributory, and willful infringement merely because:

- It "alleged" the required level of intent for an inducement claim (*id.* at 10-11);

- It "pleads that Kodak has been 'committing the act of contributory infringement'" (*id.* at 11); and

- Its "complaint clearly accuses Kodak of willful infringement" (*id.*).

Parallel's argument is wrong as a matter of law. In *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*, the Supreme Court held that merely repeating the elements of a claim *is not enough to defeat a motion to dismiss* and a plaintiff must now set forth *some facts* to support its claims. In *Twombly*, the Supreme Court rejected the assertion that a plaintiff can state a valid claim by merely asserting "a formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65. Instead, the Court

explained, a plaintiff must provide "[f]actual allegations" that raise the right to relief "above the speculative level." *Id.* at 1965. In particular, the Supreme Court held that a plaintiff must include in its Complaint "a statement of *circumstances, occurrences, and events* in support of the claim presented." *Id.* at n.3 (internal citations and quotations omitted). Similarly, in *Ashcroft v. Iqbal*, the Supreme Court found that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 129 S. Ct. 1937, 1949 (2009). The Court has specifically held that to overcome a motion to dismiss, the plaintiff must make a factual "showing," and not just "a blanket assertion" that it has a valid claim. *Twombly*, 127 S. Ct. at 1965 n.3.

Parallel never addresses the *Twombly* and *Iqbal* standard. Instead, it cites case law stating that a court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Dkt. No. 369 at 8.) **This is no longer valid law.** In *Twombly*, the Supreme Court ruled that the "no set of facts" standard no longer governs motions to dismiss:

> *Conley's* "no set of facts" language has been questioned, criticized, and explained away long enough . . . [A]fter puzzling the profession for 50 years, ***this famous observation has earned its retirement.***

127 S. Ct. at 1969 (emphasis added). *See also St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009) (*"Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson* ... and instead required that a complaint allege enough *facts* to state a claim that is *plausible* on its face."); *Gauthier v. Union Pacific R.R. Co.*, 644 F.Supp.2d 824, 843 (E.D. Tex 2009) ("[T]he *Conley* rule is not the minimum standard of adequate pleading to govern a complaint's survival") (internal citations and quotations omitted).[1]

Parallel also claims that under Fed. R. Civ. P. 9, it can "generally" allege "intent" and

---

[1] The cases that Parallel cites in its Opposition, including *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir 1986), *Phonometrics, Inc. v. Hospitality Franchise Systems*, 203 F.3d 790, 793-94 (Fed. Cir. 2000), and *Brooks v. Blue Cross & Blue Shield of Fla.. Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997), were decided *before Twombly.*

"knowledge" required for claims of induced and willfully infringement. (Dkt. No. 369 at 10-11.) But the Supreme Court has also made clear that Rule 9 ***does not excuse a plaintiff from providing specific facts in support of the allegations in its claims***:

> It is true that Rule 9(b) … allow[s] '[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally.' But 'generally' is a relative term … Rule 9 merely excuses a party from pleading [knowledge or intent] under an elevated pleading standard. ***It does not give [a plaintiff] license to evade the less rigid-though still operative-strictures of Rule 8 … Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label "general allegation," and expect [its] complaint to survive a motion to dismiss.***

*Iqbal*, 129 S.Ct. at 1954 (emphasis added).

Finally, Parallel claims that it need not allege specific facts supporting its induced, contributory, and willful infringement claims against Kodak because Form 18 of the Federal Rules of Civil Procedure does not require it to do so. (Dkt. No. 369 at 9.) This argument is also misplaced. Form 18 is directed only to allegations of ***direct*** infringement. *See Realtime Data LLC v. Stanley*, No. 6:09-cv-326, 2010 WL 2403779 at *6 (E.D. Tex, June 10, 2010) ("…Form 18 does not expressly address indirect infringement claims…"). Form 18 does not mention induced, contributory, or willful infringement and has nothing to do with whether a plaintiff has properly pled these claims.

## II. PARALLEL CONCEDES THAT IS HAS NOT ALLEGED ANY FACTS IN SUPPORT OF ITS INDUCED, CONTRIBUTORY, OR WILLFUL INFRINGEMENT CLAIMS AGAINST KODAK

Parallel repeatedly misconstrues Kodak's argument. It asserts that Kodak's argument is that Parallel has failed to allege the legal elements of induced, contributory, and willful infringement. (Dkt. No. 369 at 2-3, 9-11.) But Kodak's argument is that ***all Parallel does*** is allege the legal elements of these claims because it failed to set forth ***any facts*** supporting the claims. Parallel never contends otherwise. Indeed, Parallel does not dispute that its Complaint lacks factual support for each of its claims of induced, contributory, and willful infringement:

### 1. Induced Infringement

Parallel concedes that its entire allegation of induced infringement against Kodak is a single paragraph—identical to the allegation it makes against fifty other defendants—in which it merely asserts that Kodak has induced infringement because, "since becoming aware" of the patent-in-suit, Kodak "specifically intend[ed] to induce infringement." (Dkt. 369 at 6, 10.) Parallel never disputes that its Complaint fails to provide any facts to support these allegations, such as facts showing: (i) that Kodak actually learned of the patent-in-suit; (ii) when Kodak allegedly learned of the patent-in-suit; (iii) how Kodak had any intent to encourage infringement; or (iv) that Kodak took any actions with the objective of causing infringement.

### 2. Contributory Infringement

Parallel similarly concedes that its allegation of contributory infringement against Kodak—a cut and paste of the allegations its makes against more than fifty other defendants—is one paragraph in which it asserts that Kodak contributorily infringed the patent-in-suit because, "since becoming aware" of the patent, Kodak has operated a website "knowing that its use was made and adapted for infringement" and "the system is not a staple article or commodity of commerce suitable for substantially noninfringing use." (Dkt. No. 369 at 11.) Again, Parallel does not contest that its Complaint is devoid of any facts to support these allegations, such as facts showing: (i) that Kodak actually learned of the patent-in-suit; (ii) when Kodak allegedly learned of the patent-in-suit; (iii) that Kodak ever knew of the patent-in-suit when it designed its website; or (iv) that Kodak knew that its website is not suitable for substantially noninfringing use.

### 3. Willful Infringement

Parallel admits that its willfulness claim against Kodak is one paragraph in which it lumps Kodak with fifty other defendants and alleges that "Defendants"—grouped together—knew of the patent-in-suit "prior to the filing of this Complaint" and "acted…despite an objectively high likelihood that their actions constituted infringement." (Dkt. No. 369 at 7.) Parallel never disputes

that this blanket allegation lacks a single fact specific to Kodak, including facts showing: (i) that Kodak in particular (as opposed to the other fifty defendants) knew of the patent-in-suit before this case was filed; (ii) when Kodak allegedly learned of the patent; (iii) that Kodak's actions (and not the actions of the other fifty defendants) were "objectively unreasonable"; or (iv) that Kodak made any decisions regarding its accused website after learning of the patent-in-suit.

Just as telling, Parallel's Opposition fails to even mention—let alone attempt to distinguish—the established case law holding that induced, contributory, and willful infringement claims premised on naked allegations and assertions without any underlying factual support must be dismissed. *See XPoint Techs., Inc. v. Microsoft Corp.*, Civ. No. 09-628-SLR, 2010 WL 3187025 (D. Del. August 12, 2010), at *6-7 (dismissing inducement claim where plaintiff does not "allege sufficient facts that would allow the court to infer that [defendants] had any knowledge" of the patent-in-suit and "resorts to a mere recitation of the elements for indirect infringement"); *Realtime Data LLC v. Stanley,* No. 6:09-cv-326, 2010 WL 2403779 at *6 (E.D. Tex, June 10, 2010) (dismissing indirect infringement claims for failing to identify facts that establish a plausible claim for relief); *Bell Helicopter Textron Inc. v. American Eurocopter, LLC*, No. 4:09-CV-377-A, 2010 WL 1946336, *8 (N.D.Tex., May 12, 2010) (dismissing willfulness allegation that did not include supporting facts).

### III. CONCLUSION

Parallel does not come close to meeting the requirements for stating a valid claim of induced, contributory, or willful infringement against Kodak. Without a single fact supporting its allegations, Parallel merely asserts the legal elements of these claims against Kodak and argues that it has done enough. The United States Supreme Court has made clear that this is not and should not be the law. Kodak respectfully requests that the Court grant its Motion to Dismiss Parallel's claims of induced, contributory, and willful infringement.

Dated: December 20, 2010

Respectfully submitted,

/s/ *David J. Beck*

David J. Beck
State Bar No. 00000070
BECK REDDEN & SECREST
1221 McKinney St, Suite 4500
One Houston Center
Houston, TX 77010-2010
Telephone: (713) 951-3700
Fax: (713) 951-3720
Email: dbeck@brsfirm.com

*Of Counsel:*

Michael E. Richardson
State Bar No. 24002838
BECK REDDEN & SECREST
1221 McKinney St, Suite 4500
One Houston Center
Houston, TX 77010-2010
Telephone: (713) 951-3700
Fax: (713) 951-3720
Email: mrichardson@brsfirm.com

Michael J. Summersgill (*pro hac vice* application pending)
Jordan L. Hirsch (*pro hac vice* application pending)
WILMER, CUTLER PICKERING HALE & DORR
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000
Email:  michael.summersgill@wilmerhale.com
        jordan.hirsch@wilmerhale.com

## CERTIFICATE OF SERVICE

I, Michael E. Richardson, hereby certify that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service pursuant to Local Rule CV-5(a)(3)(A) through the Court's CM/ECF system.

Dated: December 20, 2010

/s/ *Michael E. Richardson*
Michael E. Richardson